COLBATH, WALTER N., Jr., Associate Judge.
After a series of negotiations, JLP Media, Inc. (JLP) and International Beverage Systems, Inc. (IBS) entered into an agreement for the sale and purchase of real property. During the negotiations, the parties discussed and agreed upon periodic lump sum payments. For reasons unknown, the contract for sale and purchase together with the mortgage and note, failed to mention the lump sum payments. Once the error was discovered, JLP asked IBS to reform the note and mortgage but IBS refused. IBS failed to make the purported two hundred thousand dollar lump sum payment which JLP claims was due December 1,1994.
JLP filed suit seeking reformation of the note and mortgage to reflect the omitted terms regarding lump sum payments. IBS served its answer and affirmative defenses and counterclaimed for declaratory relief, seeking definition of the meaning of the term “diminishing” referred to in the Agreement Regarding Letter of Credit, which was a separate term of the contract, mortgage and note.
IBS filed its motion for summary judgment on plaintiffs complaint with attached supporting affidavits. In opposition to the motion, JLP filed the affidavits of Mitchell Boden, who was JLP’s representative in the negotiations and the affidavit of Steven Ros-ner, who was IBS’s president and chief negotiator prior to execution of the contract. Both supported JLP’s contention that lump sum payments were contemplated and agreed upon. The trial court entered Summary Final Judgment for IBS on its motion and then conducted a trial on IBS’s counterclaim and thereafter entered a Final Judgment in favor of IBS on the counterclaim.
The record and particularly the affidavits in opposition to IBS’s motion for summary judgment, raised issues of material fact. Therefore, summary judgment in favor of IBS on JLP’s complaint constituted reversible error. Reversal of point I on appeal mandates reversal of point II.
For the reasons set forth above, we reverse and remand to the trial court for further proceedings consistent with this opinion.
DELL and SHAHOOD, JJ., concur.